UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,                    **MEMORANDUM & ORDER**
and GEICO CASUALTY COMPANY,                         15-CV-05199 (MKB) (RLM)

                              Plaintiffs,

                v.

DIANA LURIE,

                              Defendant.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company,

GEICO General Insurance Company, and GEICO Casualty Company commenced the above-

captioned action against Defendants Azu Ajudua, M.D., Utica Comprehensive Medical, P.C.,

Natasha Kelly, M.D., Effective Healthcare Medical PC, Barry Dublin, MD, BD Medical

Services PC, Graig Granovsky, DC, Global Heath Care Chiropractic, PC, George Bishay, GS

Physical Therapy Office, PC, Mei Ling Bigley, L.Ac., Super AM Acupuncture PC, Ahmed

Abdelhady, Habiba Care PT, PC, Kai-Hong Qui, L.Ac., East Pearl Acupuncture, PC, Xu Gao,

L.Ac., Xu Gao Acupuncture PC, Mahmoud El Sayed, Vision Rehab PT, PC, Diana Lurie, Igor

Farberov, and John Doe Defendants 1-10 on September 8, 2015.  (Compl., Docket Entry No. 1.)

Plaintiffs alleged that Defendants wrongfully obtained "more than $2,610,000.00 . . . by

submitting, and causing to be submitted, thousands of fraudulent no-fault insurance charges

relating to medically unnecessary, illusory, and otherwise unreimbursable healthcare services."

(*Id.* ¶ 1.)  Based on these allegations, Plaintiffs sought a declaratory judgment and damages for

violations of the Racketeering Influenced Corruption Act, 18 U.S.C. § 1962 *et seq.* ("RICO"), and for fraud and unjust enrichment. (*Id.* ¶¶ 301–520.) Currently before the Court is a report and recommendation from Chief Magistrate Judge Roanne L. Mann, recommending that the Court grant Plaintiffs' motion for default judgment against Defendant Diana Lurie.

## I.    Procedural history

Although served with the summons and Complaint, Lurie failed to appear in this action. (Aff. of Service, Docket Entry No. 29.) Plaintiffs sought and obtained an entry of default against Lurie, (Request for Certificate of Default Pertaining to Lurie, Docket Entry No. 46; Clerk's Entry of Default, Docket Entry No. 55), and subsequently moved for a default judgment, (Pls. Mot. for Default J., Docket Entry No. 125; Pls. Mem. in Supp. of Mot. for Default J. ("Pls. Mem."), Docket Entry No. 125-6).

On May 31, 2018, the Court referred Plaintiffs' motion to Judge Mann for a report and recommendation. (Order dated May 31, 2018.) By report and recommendation dated December 18, 2018, Judge Mann recommended that the Court grant Plaintiffs' motion in substantial part, enter judgment holding Lurie liable, and award Plaintiffs damages and prejudgment interest (the "R&R"). (R&R, Docket Entry No. 131.)

## II.    Report and recommendation

Judge Mann recommended that the Court grant Plaintiffs' motion for default judgment as to Plaintiffs' claims for two substantive RICO offenses in violation of 18 U.S.C. § 1962(c) and for fraud and unjust enrichment.[1] (R&R 8–15.) Judge Mann also recommended that the Court

---

[1]   Because Plaintiffs do not seek default judgment against Lurie on their cause of action for a declaratory judgment or their causes of action based on RICO conspiracies, (Pls. Mem. 1 n.1), the R&R does not address those claims, (R&R 7 & n.10).

award Plaintiffs $2,092,305 for Plaintiffs' substantive RICO claims against Lurie, (R&R 17), and

$1,970,646 in compensatory damages for Plaintiffs' fraud claims against Lurie, (R&R 18). In

addition, Judge Mann recommended that the Court deny Plaintiffs' request for an additional

award for Plaintiffs' unjust enrichment claims, reasoning that such an award would be

duplicative. (R&R 18–19.) Further, as Plaintiffs have settled this action with all Defendants

other than Lurie, (R&R 19), Judge Mann recommended that the Court offset Plaintiffs' RICO

damages by an amount equal to its settlement with those co-Defendants with which Lurie is

jointly and severally liable, *i.e.*, Utica Comprehensive Medical, P.C. and Vision Rehab PT, PC

(R&R 21).[2] Lastly, Judge Mann recommended that that the Court award Plaintiffs prejudgment

interest on Plaintiffs' fraud claims to be calculated at a rate of nine percent (9%) per annum, and

that the Court direct Plaintiffs to supplement their request with updated prejudgment interest

calculations after the Court determines the amount of damages to be awarded against Lurie on

Plaintiffs' fraud claims. (R&R 22–23.)

### III. Review and adoption of report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation

within the prescribed time limit 'may operate as a waiver of any further judicial review of the

decision, as long as the parties receive clear notice of the consequences of their failure to

object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States*

*v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x

---

[2] At Judge Mann's instruction, Plaintiffs filed under seal their confidential settlements
with Lurie's co-defendants. (R&R 19 n.16; Settlement Agreements, Docket Entry No. 130.)

107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiffs' motion for default judgment in substantial part and awards Plaintiffs damages in the amounts of $2,092,305 for Plaintiffs' claims for violations of RICO, minus the amount of Plaintiffs' settlement with Utica Comprehensive Medical, P.C. and Vision Rehab PT, PC, and $1,970,646 in compensatory damages for Plaintiffs' claims for fraud. The Court denies Plaintiffs' request for damages for unjust enrichment. The Court also awards Plaintiffs prejudgment interest on Plaintiffs' fraud claims at a rate of nine percent (9%) annum, and directs Plaintiffs to file a supplemental request with updated prejudgment interest calculations.

Dated: January 22, 2019
 Brooklyn, New York

SO ORDERED:


    s/ MKB
MARGO K. BRODIE
United States District Judge